5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re William Leroy ROOP and Davetta Sue Roop, husband and
wife, Debtors.
TROY & NICHOLS, INC., Appellant,
v.
William Leroy ROOP and Davetta Sue Roop, husband and wife, Appellees.
 No. 93-6073.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 29, 1993.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellees William and Davetta Roop ("debtors") filed a Chapter 13 Bankruptcy Petition and a Proposed Plan on May 20, 1992. The debtors, in their Proposed Plan as well as through a Motion for Order Determining Value of Secured Claims and Voiding Liens, sought to bifurcate the claim of Appellant Troy & Nichols, Inc. ("T & N"), the holder of a note secured by a mortgage on the debtors' principal residence, into a secured claim equal to the stipulated fair market value of the residence ($31,375.00) and an unsecured claim equal to the balance remaining under the note ($13,381.15). They sought to avoid any liens securing claims in excess of the stipulated fair market value.
 
 
 3
 Over T & N's objections, the Bankruptcy Court for the Western District of Oklahoma entered an order confirming the debtors' Plan and bifurcating T & N's claim into an allowed secured claim in the amount of $31,375.00 and an allowed unsecured claim in the amount of $13,381.15, and declaring T & N's lien securing claims in excess of $31,375.00 to be void. T & N appealed to the district court, which affirmed the rulings of the bankruptcy court. T & N timely appealed.
 
 
 4
 We abated this appeal pending the Supreme Court's decision in Nobelman v. American Savings Bank, 113 S.Ct. 2106 (1993), involving the same issue--i.e. the permissibility of bifurcating an undersecured mortgage under sections 506(a) and 1322(b)(2) of the Bankruptcy Code into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance owing to the mortgagee. A unanimous court in Nobelman held that 11 U.S.C. 1322(b)(2) "prohibits a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." Id. at 2108.
 
 
 5
 The parties have filed briefs stating their views with respect to the holding in Nobelman. As we have held in Independence One Mortgage Corp. v. Wicks (In re Wicks), No. 92-6134, F.2d (10th Cir., Sept. 28, 1993), Nobelman applies to cases pending on appeal at the time of its issuance and therefore applies to this case. Nobelman effectively forecloses the debtors' bifurcation argument, as the debtors have conceded in their supplemental brief.
 
 
 6
 For the foregoing reasons, the order of the district court is REVERSED and the case is REMANDED for proceedings consistent herewith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3